# STATE OF MICHIGAN

# COURT OF APPEALS

MAE HENDRIX,

       Plaintiff-Appellant,

v

LAUTREC, LTD,

       Defendant-Appellee.

UNPUBLISHED
October 27, 2016

No.  328191
Oakland Circuit Court
LC No.  2014-142087-NO

Before:  FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

O'BRIEN, J. (*concurring in part and dissenting in part*).

      I write separately to express my disagreement with the majority's conclusion that a genuine issue of material fact exists regarding whether Lautrec, Ltd., breached its duty to maintain pursuant to MCL 554.139(1)(a).  In my view, *Allison v AEW Capital Mgt, LLP*, 481 Mich 419; 751 NW2d 8 (2008), controls.  The majority finds *Allison* factually distinguishable, concluding that parking lots and driveways in apartment complexes differ as to whether they are "intended for pedestrian access to the garages and pedestrian access to the residential units." However, here and in *Allison*, there can be no dispute that the pathway at issue, whether it be through a parking lot or through a driveway, was "intended for pedestrian access to the garages and pedestrian access to the residential units."  While it may be true that parking lots and driveways may have different "primary" uses, I do not think that it can be disputed that both are "intended for pedestrian access to garages and pedestrian access to the residential units." Accordingly, I would affirm.  Nevertheless, I do agree that the condition at issue was open and obvious as a matter of law.

                                /s/ Colleen A. O'Brien